Brooke, P.
I concur in the affirmance of the decree, with the correction proposed.
I do not think the judgment in the caveat case, can be relied on as an estoppel by the plaintiffs. A court of equity will not set aside a judgment for fraud, unless the party asking it to do so, will do complete justice : nor will it enforce a judgment, unless the party seeking relief, will submit himself to the justice of the court. But this is not material in this case, because the findings of the jury, on which the judgment on the caveat was rendered, are, I think, convincing evidence, that the judgment was right. The excuse assigned for the failure to file a cross caveat by the caveatee (if one was necessary) is, I think, sufficient, under the correct understanding of the decision in Noland v. Cromwell, without extending the construction so far, as to substitute the opinion of the minority for the opinion of the majority of the court; which, I think, is the effect of the decision of M’Clung v. Hughes. I deem the excuse, here, sufficient; for, though no fraud may have been intended by the caveator, in taking out his patent pending the *367 appeal from the judgment against him on his caveat, especially, as the patent included other lands than those in controversy; yet it was a surprise on the caveatee, who could not have expected, that the caveator would take out his patent, pending the appeal, and before the controversy respecting a portion of the land included in it, was terminated.
The decree was corrected in the particular mentioned by the judges, and affirmed in all other respects, with costs to the appellees, as the party substantially prevailing.